# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| BRANDONLYN NUNLEY, individually and as parent of TJN, a minor,<br><br>        Plaintiffs,<br>vs.<br><br>OFFICER NICHOLAS J. ERDMANN, IOWA HIGHWAY PATROL, JOHN DOE AND JANE DOE 1-10,<br><br>        Defendants. | No. C 14-4016-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS** |

_____

In this case, plaintiff Brandonlyn Nunley, individually and as parent of TJN, a minor, brought this lawsuit *pro se* against Officer Nicholas Erdmann, the Iowa State Patrol,[1] and John and Jane Does 1-10. In her original Complaint (docket no. 4), Nunley asserted numerous claims under 42 U.S.C. § 1983 and state tort law arising from escalation of an incident on September 16, 2012, when Officer Erdmann stopped her car, in which TJN was a passenger, ostensibly because Nunley was not wearing a seatbelt. This case is before me on United States Magistrate Judge Leonard T. Strand's October 8, 2014, Report And Recommendation On [Defendants'] Motion To Dismiss (docket no. 23), recommending that the defendants' June 6, 2014, Partial Motion To Dismiss (docket no. 8) be granted. This disposition would leave only Count III (a § 1983 claim alleging excessive force) pending, but Judge Strand stated that Counts I, II, and V might be

---

[1] As Judge Strand explains in the Report And Recommendation under review, Nunley identified Officer Erdmann as an officer of the "Iowa Highway Patrol," but there is no such entity. Like Judge Strand, I will refer to this defendant as the "Iowa State Patrol."

eligible to return to the case, if Nunley is able to craft an amended complaint with additional factual allegations that meet the plausibility standard. No party has filed objections to the Report And Recommendation. Instead, on November 19, 2014, Nunley filed a Motion Seeking Leave To Amend Complaint (docket no. 28).

The applicable statute provides for *de novo* review by the district judge of a magistrate judge's report and recommendation, *when objections are made*, as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

*In the absence of an objection*, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review *only* when a party objected to the magistrate's findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). Indeed, *Thomas* suggests that no review at all is required. *Id*. ("We are therefore not persuaded that [§ 636(b)(1)] requires some lesser review by the district court when no objections are filed."). Nevertheless, the Eighth Circuit Court of Appeals

2

has indicated that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Review for clear error, even when no objection has been made, is also consistent with "retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). Although neither the Supreme Court nor the Eighth Circuit Court of Appeals has explained precisely what "clear error" review means in this context, in other contexts, the Supreme Court has stated that the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Here, because no objections have been made, I have reviewed Judge Strand's Report And Recommendation only for "clear error." *Grinder*, 73 F.3d at 795 (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor*, 910 F.2d at 520 (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). I find no such clear error in

Judge Strand's recommendation. Consequently, I accept Judge Strand's recommendation to grant the defendants' June 6, 2014, Partial Motion To Dismiss (docket no. 8). *See* 28 U.S.C. § 636(b)(1) (2006) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

THEREFORE,

1.   I **accept** Judge Strand's October 8, 2014, Report And Recommendation On [Defendants'] Motion To Dismiss (docket no. 23); and

2.   I **grant** the defendants' June 6, 2014, Partial Motion To Dismiss (docket no. 8).

This disposition requires **dismissal** of the Iowa State Patrol (sued as the Iowa Highway Patrol) ***with prejudice***, and leaves only Count III (a § 1983 claim alleging excessive force) of Nunley's original Complaint still pending, subject to a ruling on Nunley's November 19, 2014, Motion Seeking Leave To Amend Complaint (docket no. 28), which is assigned to Judge Strand.

**IT IS SO ORDERED**.

**DATED** this 23rd day of December, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA