# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

BRANDONLYN NUNLEY,

    Plaintiff,

vs.

OFFICER NICHOLAS J. ERDMANN, et al.,

    Defendants.

No. C14-4016-MWB

**ORDER**

## I.     INTRODUCTION

This case is before me on a motion (Doc. No. 28) by plaintiff Brandonlyn Nunley for leave to file amended complaint. The proposed amended complaint (Doc. No. 28-2) is attached to the motion. Defendants Nicholas Erdmann (Erdmann) and the Iowa State Patrol have filed a resistance (Doc. No. 29). Nunley did not file a reply. The motion is fully submitted and ready for decision.

## II.     RELEVANT BACKGROUND

On April 24, 2014, Nunley filed a *pro se* complaint (Doc. No. 4) against Erdmann, the Iowa Highway Patrol[1] and John and Jane Does 1-10 that asserted the following claims pursuant to 42 U.S.C. § 1983:

---

[1] As I noted in an earlier ruling, there is no entity within the Iowa state government known as the "Iowa Highway Patrol." Doc. No. 23 at 2 n.1. However, there is an "Iowa State Patrol" that operates as a division of the Iowa Department of Public Safety. Nunley's proposed amended complaint refers to the "Iowa State Patrol" rather that the "Iowa Highway Patrol."

| | Count 1[2] | Violation of Plaintiff's Fourth Amendment Rights |
|---|---|---|
| | Count 2 | Violation of Plaintiff's Fourth Amendment Rights |
| | Count 3 | Violation of Plaintiff's Fourth Amendment Rights-Excessive Force |
| | Count 4 | Violation of Plaintiff's Due Process Rights |
| | Count 5 | Violation of Right to Family Integrity |
| | Count 6 | Supervisory Liability-Policy of Unconstitutional Acts (against all Iowa Highway Patrol supervisors involved in present case) |
| | Count 7 | Supervisory Liability-Failure to Train (against all Iowa Highway Patrol supervisors involved in present case) |

Doc. No. 4. The complaint also included the following state law tort claims:

| | Count 8 | Battery (against all defendants) |
|---|---|---|
| | Count 9 | Malicious Prosecution (against Erdmann) |
| | Count 10 | False Arrest (against Erdmann) |
| | Count 11 | Abuse of Process (against all "police defendants") |
| | Count 12 | Intentional/Negligent Infliction of Mental Distress (against all defendants) |

*Id*.

On June 6, 2014, the defendants filed a motion (Doc. No. 8) to dismiss in which they requested dismissal of:

    a.    All claims brought on behalf of plaintiff's minor child

---

[2] Nunley uses Roman numerals rather than numbers in both the existing complaint and the proposed amended complaint. I find that this leads to confusion, especially when attempting to determine which counts in the existing complaint correspond to those in the proposed amendment. As such, I will refer to the counts by use of numbers.

      b.      All claims brought against the state of Iowa and all of its instrumentalities

      c.      Counts 8 through 12

      d.      Counts 1, 2, 4, 5, 6 and 7

Doc. No. 8. On October 8, 2014, I filed a Report and Recommendation (Doc. No. 23) (the Report) in which I recommended that the motion be granted, leaving Count 3 (the Section 1983 excessive force claim) as the only remaining claim and Erdmann and the "Doe" defendants as the only remaining defendants. Doc. No. 23 at 29-30. With regard to Counts 1, 2 and 5, however, I found that Nunley might be able to cure her pleading deficiencies by amendment and recommended that she be given an opportunity to so amend. *Id.* at 30.

While Nunley did not file objections to the Report, she filed her current motion for leave to amend on November 19, 2014, noting that the motion was "seemingly invited" by my Report. Doc. No. 28-1 at 2. On December 23, 2014, Judge Bennett entered an order (Doc. No. 30) accepting the Report and dismissing the Iowa State Patrol (sued as the Iowa Highway Patrol) with prejudice. That order also has the effect of dismissing those claims brought by Nunley on behalf of her child. For the moment, then, and depending on the outcome of Nunley's motion for leave to amend, Count 3 of the original complaint is the only claim that is currently part of the case.

### III. THE PROPOSED AMENDMENT

Unfortunately, Nunley's motion violates this court's local rules in that it does not describe the differences between her existing complaint and the proposed amended complaint. *See* N.D. Ia. L.R. 15. Thus, a line-by-line comparison is necessary.

Initially, and despite the Report's conclusion that Nunley is not entitled to assert claims on behalf of her minor child, the proposed amendment still includes such claims. Moreover, the proposed amendment, as filed, is missing a page (page 3). With the possible exception of those paragraphs contained on the missing page, it appears that the

first 38 paragraphs of both documents are essentially the same, with only a few minor changes in wording. The proposed amendment then adds three new paragraphs, as follows:

> 39. By restraining Plaintiff Brandy with handcuffs and placing her in the rear of a police vehicle, defendant Erdmann was placing Brandy under arrest. Defendant Erdmann violated Plaintiff Brandy's constitutional rights by arresting her, allegedly for "Interference With Official Acts Causing Injury" when there was objectively no probable cause to arrest Brandy on this charge.
>
> 40. There was no probable cause for an arrest for any of the following reasons: 1) Plaintiff Brandy was not "interfering with Official Acts" when she objected to Defendant Erdmann's inappropriate treatment during the traffic stop; 2) all of Brandy's acts during the traffic stop were legal and reasonable and did not give rise to probable cause that she had violated the subject ordinance; and, 3) defendant Erdmann was not injured during his interactions with Plaintiff Brandy.
>
> 41. Plaintiff Brandy's actions were at all times relevant to this matter, reasonable and completely legal and Officer Erdmann had no reasonable basis to think that he had probable cause to arrest Plaintiff Brandy on charges of "Interference With Official Acts Causing Injury", in view of Brandy's completely legal reaction to his excessive force and unwanted physical contact.

Doc. No. 28-2 at 5. The next change is the inclusion of the following paragraph:

> 45. As a part of the procedure for incarcerating Plaintiff Brandy, she had to undergo a strip search and answered a multitude of questions seeking detailed personal knowledge from her, such as whether she was on any prescribed medication and what that medication was.

*Id*. at 6. Other than some changes in wording, the remainder of the "Factual Predicate" section of the proposed amended complaint does not differ from the existing complaint.

As for causes of action, the proposed amendment deletes Counts 2 and 7 of the existing complaint while re-numbering the remaining counts accordingly. The proposed amendment also includes a new claim, designated as Count 11, which would be brought pursuant to 42 U.S.C. § 1983 and which contends that the "Jail Defendants" violated

Nunley's right to access to the courts and effective assistance of counsel. *Id.* at 17-18. The only factual allegations described in the proposed new claim relate to the alleged spoliation of evidence concerning Nunley's incarceration, including video recordings. *Id.* at 17, ¶ 119.

The following chart attempts to summarize the manner in which the counts in the existing complaint correspond to those in the proposed amended complaint:

| Existing Complaint | Proposed Amendment |
|---|---|
| 1 | 1 |
| 2 | (omitted) |
| 3 | 2 |
| 4 | 3 |
| 5 | 4 |
| 6 | 5 |
| 7 | (omitted) |
| 8 | 6 |
| 9 | 7 |
| 10 | 8 |
| 11 | 9 |
| 12 | 10 |
|  | 11 (new) |

### IV. ANALYSIS

#### A. *Applicable Law*

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). There is, however, no absolute right to amend a pleading. *See, e.g., Hammer v. Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003); *Becker v. Univ. of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999); *Williams v. Little Rock Mun. Water Works*,

21 F.3d 218, 224 (8th Cir. 1994). Notwithstanding Rule 15's liberal amendment policy, a motion to amend may be denied on grounds of "undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

A proposed amendment is futile if it could not survive a Rule 12 motion to dismiss. *See In re Senior Cottages of Am., LLC,* 482 F.3d 997, 1001 (8th Cir. 2007); *Van Stelton v. Van Stelton,* 904 F. Supp. 2d 965, 969 (N.D. Iowa 2012); *Quality Refrigerated Services, Inc. v. City of Spencer,* 908 F. Supp. 1471, 1489 (N.D. Iowa 1995). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*B.   Discussion*

For the most part, the "futility" analysis is answered by the Report, and by Judge Bennett's order (Doc. No. 30) accepting the Report. Counts 3, 5, 6, 7, 8, 9 and 10 of the proposed amended complaint, which correspond to Counts 4, 6, 8, 9, 10, 11 and 12 of the existing complaint, are futile for the reasons described in the Report. Nunley will not be permitted to file an amended complaint that includes those claims. Nor may she assert claims on behalf of her child.

In the Report, I left open the possibility that the defects in Counts 1, 2 and 5 of the existing complaint might be cured by amendment. In her proposed amended complaint, Nunley has abandoned Count 2. As such, I will not address that claim further. With regard to Count 1 of the existing complaint, I wrote:

> Nunley has failed to allege facts that create "more than a sheer possibility that a defendant has acted unlawfully" with regard to her arrest and incarceration. . . . . While she contends the charge of "Interference with Official Acts Causing Injury" was "baseless," she does not allege that the *arrest* was baseless or otherwise indicate why there was no probable cause. *See Lambert v. City of Dumas*, 187 F.3d 931, 935 n.6 (8th Cir. 1999) ("The relevant inquiry is whether the arresting officers had probable cause to arrest [plaintiff] at the time of the arrest, not whether the officers' decision to arrest [plaintiff] can be justified by information learned after the arrest."). While a complaint does not need "detailed factual allegations," a plaintiff must provide the grounds of his or her entitlement to relief.

Doc. No. 23 at 23 [some citations omitted]. Likewise, with regard to Count 5 of the existing complaint (which is Count 4 in the proposed amended complaint), I explained:

> Nunley alleges that the separation from her child during the traffic stop, arrest and incarceration (based on the so-called "bogus" arrest) violated her right to family integrity. . . . Nunley has not made allegations that give rise to a plausible claim that her stop, arrest or incarceration were unlawful.

*Id.* at 28. Paragraphs 39, 40, 41 and 45 of the proposed amended complaint are Nunley's attempt to cure the problems with these two counts. I find that the new allegations, particularly those that provide factual reasons for Nunley's allegation that her arrest was not supported by probable cause, are sufficient to avoid rejection on grounds of futility. In other words, now that Nunley has bolstered her allegations to address the alleged lack of probable cause, I cannot say that Counts 1 and 4 of the proposed amended complaint are so lacking in plausibility as to be futile. I conclude that Nunley should be permitted to amend her complaint with regard to those counts.

This leaves Nunley's proposed new claim (Count 11 in the proposed amendment) which, as noted above, contends that the "Jail Defendants" violated her right to access to the courts and effective assistance of counsel by causing the spoliation of certain evidence. Doc. No. 28-2 at 17-18. While referring to "Jail Defendants," Nunley does

7

not identify them. Erdmann is not a jail employee. Thus, it appears that some of the still-unidentified John or Jane Doe defendants are the subjects of the proposed new claim.

In any event, the proposed new claim does not fit the few facts Nunley alleges in support of the theory. A denial-of-access claim typically relates to an inmate's right to have access to a law library and/or persons trained in the law. *See, e.g., Sabers v. Delano,* 100 F.3d 82, 83 (8th Cir. 1996). The Supreme Court has explained that such a claim requires proof of actual injury, meaning inmates were deprived of tools needed "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996).

Here, Nunley alleges that she spent one night in jail. Doc. No. 28-2 at 5, ¶ 44. She does not contend that she was deprived, during this short confinement, of legal resources that would have been necessary for her attack her sentence or challenge the conditions of her confinement. Instead, she alleges that she made a timely request for the preservation of evidence but the "Jail Defendants" ultimately destroyed that evidence. *Id.* at 17, ¶ 119. This allegation, even if accepted as true, would not come close to establishing a plausible claim that Nunley's constitutional rights were violated by the denial of access to the courts and the effective assistance of counsel.

In short, Count 11 of the proposed amendment is futile. Nunley is not entitled to file an amended complaint which includes that count.

## V. CONCLUSION

For the reasons set forth herein, plaintiff Brandonlyn Nunley's motion (Doc. No. 28) for leave to file amended complaint is **granted in part** and **denied in part**. It is **denied** in that she is not permitted to file the proposed amended complaint (Doc. No. 28-2) that she submitted with her motion. However, it is **granted** in that Nunley is permitted to file an amended complaint that complies with the Report, and with this order. This means she may file an amended complaint in a form that:

    a.       deletes all claims brought on behalf of her minor child;

    b.       deletes the Iowa State Patrol (sued as the Iowa Highway Patrol) as a defendant; and

    c.       deletes all counts of her proposed amended complaint (Doc. No. 28-2) except the counts designated in that document as Counts 1, 2 and 4 (or, more accurately, I, II and IV).

Nunley may file an amended complaint that complies with these instructions on or before **January 12, 2015**. If she fails to do so, she will be deemed to have waived the right to amend and this case will proceed only with regard to Count 3 of the original complaint.

If Nunley does file a timely amended complaint, counsel for the defendants shall examine it carefully to determine if it conforms to this order. If not, defendants may file a motion to strike the amended complaint. Otherwise, defendants shall file a responsive motion or pleading within twenty (20) days after the amended complaint is filed.

**IT IS SO ORDERED.**

**DATED** this 24th day of December, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE